UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JACOB ELIJAH JOHNSON, | Case No.: 22-10777 |
|     Plaintiff, | Lauri J. Michelson |
| v. | United States District Judge |
| STELLANTIS AUTOMOTIVE GROUP and UNITED AUTO WORKERS (UAW), | Curtis Ivy, Jr. United States Magistrate Judge |
|     Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 4), MOTIONS FOR DEFAULT JUDGMENT (ECF Nos. 16, 23), AND ENTRIES OF DEFAULT (ECF Nos. 14, 21)**

**I.     Background**

Plaintiff Jacob Johnson filed this case without the assistance of counsel on April 11, 2022, alleging he was wrongfully terminated by defendant Stellantis Automotive Group.  (ECF No. 1).  On April 14, 2022, he moved for partial summary judgment.  (ECF No. 4).  Neither defendant has appeared in this case. Plaintiff requested and received entries of default against both defendants.  (ECF Nos. 14, 21).  He then moved for default judgment against both defendants.  (ECF No. 16, 23).

For the reasons discussed below, the undersigned recommends that Plaintiff's motion for summary judgment be denied without prejudice, that the entries of default be set aside, and that the motions for default judgment be denied.

**II.    Discussion**

A.    <u>Motions for Default Judgment and Clerk's Entries of Default</u>

Plaintiff is proceeding *in forma pauperis*. Thus, the United States Marshal Service ("USMS") is tasked with serving the summons and complaint on the defendants. USMS acknowledged receipt of the service of process documents on April 25, 2022. (ECF No. 8). USMS's attempts at service were not fruitful, as neither defendant has returned a green card or otherwise appeared.

Plaintiff subsequently filed certificates of service he executed for both defendants. Both certificates indicate each defendant was served but there was no green card returned to Plaintiff. Attached to both certificates are United States Postal Service tracking printouts conveying that unspecified mail was delivered. (ECF No. 10, 11). These tracking printouts reflect that Plaintiff himself mailed unspecified documents to the defendants that were delivered in an unspecified manner to an unspecified person. Based on Plaintiff's certificates of service, the Clerk's Office granted Plaintiff's requests for entry of default against both defendants. (ECF Nos. 14, 21).

These entries of default should be **SET ASIDE** and Plaintiff's motions for default judgment should **DENIED AS MOOT** for the reasons below. Because USMS is responsible for serving the summons and complaint, Plaintiff was not required to mail his complaint to the defendants. That said, his attempt at service, the attempts that earned him the entries of default, were improper.

Federal Rule of Civil Procedure 55(a) requires the clerk of court to enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. . . ." Fed. R. Civ. P. 55(a). Once the clerk has entered default, a party can move for default judgment under Rule 55(b). Where, as here, Plaintiff's default judgment claims cannot be determined under Rule 55(b)(1), the matter must be decided under Rule 55(b)(2). The decision to grant default judgment is within the Court's discretion. *See AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927,929 (W.D. Mich. 2013) (citing among authority 10A Charles A. Wright et al., Federal Practice and Procedure § 2685 (3d ed. 1998) ("This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a).")).

Even so, "[d]ue process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties[,]" by default or otherwise. *O.J.*

*Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003); *see also King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) ("[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant."). Proper service under Rule 4 is therefore a prerequisite to entry of default or default judgment. *O.J. Distrib., Inc.*, 340 F.3d at 353 (holding that, when service of process is not proper, "the court must set aside an entry of default"). It is Plaintiff's burden to establish that service was proper. *See Sawyer v. Lexington-Fayette Urb. Cty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)). A court's failure to determine whether it has personal jurisdiction over a defendant before entering judgment by default is reversible error. *Mucerino v. Newman*, 2017 WL 387202, at *1 (M.D. Tenn. Jan. 26, 2017) (citing *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 845 (E.D. Mich. 2006)).

Under Fed. R. Civ. P. 4(h), serving a corporation or association may be undertaken by serving the entity in accordance with state law or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). Plaintiff did not "deliver[] a copy" of the summons and complaint to the

defendants, so for his attempt to be proper it must conform to the Michigan court rules for service of process.

The rule for service on a corporation, Mich. Ct. Rule 2.105(D), provides for personal service of the summons and complaint (1) on an officer or resident agent or (2) on a director, trustee, or person in charge of the office and mailing a copy by registered mail to the principal of the office. To serve an unincorporated association such as the UAW, a summons and copy of the complaint must be personally served on an officer, director, trustee, agent, or person in charge of an office of the association and mailing a copy of the same by registered mail addressed to an office of the association. Mich. Ct. R. 2.105(E). Plaintiff's certified mailing of the summons and complaint does not meet either of these options.

Because Plaintiff has not demonstrated that the defendants were properly served, the motions for default judgment should be **DENIED** and the entries of default should be **SET ASIDE**. The undersigned will separately order USMS to attempt personal service on the defendants.

B.   Plaintiff's Motion for Partial Summary Judgment

The undersigned suggests the motion for summary judgment be denied without prejudice as prematurely filed because "[t]he Court cannot grant summary judgment against defendants who have not been served with process."

*Fowler v. Tyndale Pub. House*, 2009 WL 2488057, at *1 (E.D. Mich. Aug. 12, 2009) (citation omitted); *Sanders v. City of Pembroke*, 2019 WL 3227457, at *6 (W.D. Ky. July 16, 2019); *Heard v. Strange*, 2019 WL 2385205, at *8 (E.D. Mich. May 10, 2019) (recommending denial without prejudice of the plaintiff's motion for summary judgment against a defendant who had not yet been served with the complaint). On April 19, 2022, the Court directed service of Plaintiff's complaint by the United States Marshals Service (ECF No. 6), but service has not yet been effectuated. In the same vein, the motion is premature because the parties have not had an opportunity to conduct discovery. *Tribe v. Snipes*, 19 F. App'x 325, 327 (6th Cir. 2001). "[A] grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery." *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231–32 (6th Cir. 1994).

As a result, the undersigned recommends the motion be denied without prejudice as prematurely filed. Following the Court issuing its scheduling order after the defendants have appeared and answered the complaint, Plaintiff may raise appropriate dispositive motions.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (ECF No. 4) be **DENIED WITHOUT**

**PREJUDICE**, that the entries of default (ECF Nos. 14, 21) be **SET ASIDE**, and that Plaintiff's motions for default judgment (ECF Nos. 16, 23) be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

    Date:  September 13, 2022          s/Curtis Ivy, Jr.
                                                         Curtis Ivy, Jr.
                                                         United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on September 13, 2022.

                                                         s/Kristen MacKay
                                                         Case Manager
                                                         (810) 341-7850