UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JACOB ELIJAH JOHNSON ,<br>　　　　　　　　Plaintiff,<br>v.<br><br>STELLANTIS AUTOMOTIVE GROUP and UNITED AUTO WORKERS,<br>　　　　　　　　Defendants.<br>_____/ | Case No.: 22-10777<br><br>Laurie J. Michelson<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## ORDER ON ECF Nos. 19 and 22 AND DIRECTING SERVICE BY USMS

The United States Marshal Service ("USMS") acknowledged receipt of the service of process documents on April 25, 2022. (ECF No. 8). USMS returned an unexecuted summons sent to defendant Stellantis Automotive Group on May 18, 2022. (ECF No. 15). An unsigned and undated green card mailed to Stellantis was filed on June 7, 2022. To date, neither defendant has, through counsel, filed an appearance. The Court concludes that USMS was unable to serve the defendants by mail.[1] Plaintiff moved for an order directing USMS to serve Stellantis a second time. (ECF No. 19). This motion is **GRANTED**.

---

[1] The undersigned addressed Plaintiff's attempts separately to serve the defendant in a report and recommendation.

Since mailed service was ineffective, USMS will be directed to attempt personal service. In the interest of judicial economy, Plaintiff first must provide information necessary to effect personal service.

As explained in a separately filed report and recommendation, under Fed. R. Civ. P. 4(h), serving a corporation or association may be undertaken by serving the entity in accordance with state law or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). The rule for service on a corporation, Mich. Ct. Rule 2.105(D), provides for personal service of the summons and complaint (1) on an officer or resident agent or (2) on a director, trustee, or person in charge of the office and mailing a copy by registered mail to the principal of the office. To serve an unincorporated association such as the UAW, a summons and copy of the complaint must be personally served on an officer, director, trustee, agent, or person in charge of an office of the association and mailing a copy of the same by registered mail addressed to an office of the association. Mich. Ct. R. 2.105(E).

Both federal and Michigan law require personal service on an officer, agent, director, trustee, or person in charge of an office. Plaintiff is **ORDERED** to

**provide the Court with the name and address for a person holding one of those positions for both defendants within 21 days of this Order**. Plaintiff is cautioned that if the Marshal is unable to effectuate service on the defendants with the information provided, the onus remains on Plaintiff to discover and submit sufficient information for service of the defendants he has named in his lawsuit. In that event, Plaintiff may be required to show good cause why this action should not be dismissed, without prejudice, as against any defendant that remains unserved after the expiration of the summons.

After the Court is in receipt of the names and addresses, the USMS is **DIRECTED** to personally serve the defendants in accordance with federal and Michigan law.

Finally, Plaintiff moved to "clarify [an] ex parte communication." (ECF No. 22). The aim of this motion is not entirely clear. It appears Plaintiff is alleging that the Court's Order referring pretrial matters to the undersigned was an ex parte communication. If that is the case, the Court clarifies that order of reference here. The Order was not ex parte, as it was filed on the docket and mailed to Plaintiff. (*See* Text-Only Certificate of Service filed April 26, 2022). A district judge may refer a civil case to the assigned magistrate judge under 28 U.S.C. § 636. That statute specifically states that "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court," except for dispositive

motions, which must be addressed by the magistrate judge in a report and recommendation. *Id.* at § 1636(b)(1)(A) and (B). To the extent Plaintiff is seeking any type of relief, that request is **DENIED**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: September 13, 2022                s/Curtis Ivy, Jr.
                                        Curtis Ivy, Jr.
                                        United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on September 13, 2022.

                                          s/Kristen MacKay
                                          Case Manager
                                          (810) 341-7850