UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACOB ELIJAH JOHNSON,

     Plaintiff,

v.

STELLANTIS AUTOMOTIVE GROUP
and UNITED AUTO WORKERS
(UAW),

     Defendants.

Case No. 22-10777
Honorable Laurie J. Michelson
Magistrate Judge Curtis Ivy, Jr.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION [25],
SETTING ASIDE CLERK'S ENTRIES OF DEFAULT [14, 21],
DENYING JOHNSON'S MOTIONS FOR DEFAULT JUDGMENT [16, 23],
AND DENYING WITHOUT PREJUDICE JOHNSON'S MOTION FOR
PARTIAL SUMMARY JUDGMENT [4]**

---

Jacob Elijah Johnson sued Stellantis Automotive Group and the United Auto Workers for terminating him for retaliatory reasons, blocking Johnson's "candidacy as potential UAW President in June 2022 elections," harming his "candidacy [in the] Detroit Mayor Primary and November gen[eral] mayoral elections" by causing him to spend his financial resources, and interfering with pending National Labor Relations Board charges against Stellantis and the UAW. (ECF No. 1, PageID.6.) He also says that the UAW denied him representation at every level of the grievance process he initiated. (*Id.*)

Johnson has filed multiple motions in this case so far. At issue here are his motions for default judgment (ECF Nos. 16, 23) and his motion for partial summary judgment (ECF No. 4).

All pretrial matters in this case have been referred to Magistrate Judge Curtis Ivy, Jr. In considering these motions, Magistrate Judge Ivy determined that Johnson had not properly served Stellantis or the UAW under Federal Rule of Civil Procedure 4 and thus recommended that the Clerk's entries of default against Defendants be set aside and Johnson's motions for default judgment be denied. (ECF No. 25, PageID.63.) And failure to serve was also the reason that Magistrate Judge Ivy found that Johnson's motion for partial summary judgment was premature and recommended denying that motion without prejudice. (*Id.* at PageID.64.) These recommendations are now before the Court.

At the conclusion of the September 13, 2022 Report and Recommendation, Magistrate Ivy notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 25, PageID.65.) Under Federal Rule of Civil Procedure 6(d), since Johnson was served via mail, three days are added to the objection period. Waiting the 17-day objection period and allowing some time for the Court to receive objections that Johnson may have mailed, it has now been over 20 days since the Report was served on the parties. No objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of

procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Kennedy v. Terris*, No. 2:19-cv-10537, 2020 WL 3287974, at *1 (E.D. Mich. June 18, 2020) ("The district court is not obligated to independently review parts of the Report and Recommendation to which  no objection is made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts the recommended disposition. (ECF No. 25.) It follows that the entries of default against Stellantis and the UAW are set aside (ECF Nos. 14, 21), Johnson's motions for default judgment (ECF Nos. 16, 23) are DENIED, and Johnson's motion for partial summary judgment (ECF No. 4) is DENIED WITHOUT PREJUDICE.

SO ORDERED.

Dated: October 7, 2022

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE