UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JACOB ELIJAH JOHNSON, | Case No.: 22-10777 |
|     Plaintiff, | Laurie J. Michelson |
| v. | United States District Judge |
| STELLANTIS AUTOMOTIVE GROUP and UNITED AUTO WORKERS (UAW), | Curtis Ivy, Jr.<br>United States Magistrate Judge |
|     Defendants.<br>_____/ | |

## REPORT AND RECOMMENDATION TO DISMISS COMPLAINT

**I.**  **BACKGROUND**

Plaintiff Jacob Johnson filed this case without the assistance of counsel on April 11, 2022, alleging he was wrongfully terminated by defendant Stellantis Automotive Group.  (ECF No. 1).  On April 14, 2022, he moved for partial summary judgment.  (ECF No. 4).  Plaintiff requested and received entries of default against both defendants.  (ECF Nos. 14, 21).  He then moved for default judgment against both defendants.  (ECF No. 16, 23).

Because Plaintiff's attempts at service on the defendants were improper, the undersigned recommended that the entries of default be set aside and his motion

for default judgment be denied. (ECF No. 25). That recommendation was adopted. (ECF No. 27).

On September 13, 2022, the Court ordered Plaintiff to provide the name and address for an officer, agent, director, trustee, or person in charge of the office of both defendants. The names and addresses were due on or before October 4, 2022. (ECF No. 26). On October 14, 2022, because Plaintiff did not provide the names and addresses as ordered, the Court ordered Plaintiff to show cause why his case should not be dismissed for failure to provide the information necessary to serve the defendants. His response to the Order to Show Cause was due November 7, 2022. The Court warned that "**[f]ailure to timely or adequately respond to this Order to Show Cause may result in a recommendation that the case be dismissed for failure to serve the defendants under Fed. R. Civ. P. 4(m) and/or for failure to prosecute under Fed. R. Civ. P. 41(b)**." (ECF No. 28, PageID.76) (emphasis in original).

To date Plaintiff has not responded to the Order to Show Cause.

In addition, on November 14, 2022, the Order adopting the above-referenced report and recommendation and the Order to Show Cause were returned to the Court as "undeliverable." (ECF Nos. 29, 30). The envelopes state that Plaintiff is no longer at the address he provided to the Court. Plaintiff was warned when he filed this case that "[f]ailure to promptly notify the court of a change in address or

2

other contact information may result in the **dismissal** of your case." (ECF No. 12, PageID.32) (emphasis in original). Plaintiff failed to notify the Court or a change in address.

For the reasons below, the undersigned recommends that Plaintiff's complaint be dismissed without prejudice for failure to provide the necessary information for service of process

## II.   DISCUSSION

This case should be dismissed for Plaintiff's failure to provide service of process information for the defendants. Federal Rule of Civil Procedure 4(m) provides that if service is not effectuated within 90 days, the Court must dismiss the action without prejudice as to that defendant. "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (citing *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)). It is plaintiff's burden to establish good cause for failing to timely effect service. *Habib*, 15 F.3d at 73.

Plaintiff failed to provide the names and addresses for persons to be served for the defendants despite being warned that failure to do so could result in dismissal of the unserved defendants or dismissal of the case for failure to prosecute. The undersigned therefore recommends that Plaintiff's complaint be dismissed without prejudice pursuant to Rule 4(m) against the defendants. *See*

*Habib*, 15 F.3d at 73 ("Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal."); *see also Price v. Howard*, 2011 WL 4496661, at *3 (W.D. Mich. Sept. 27, 2011) (pro se prisoner's claims against John Doe defendant "dismissed without prejudice for failure to effect timely service").[1]

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 4(m).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health*

---

[1] Plaintiff's failure to comply with the show cause order of the Court and failure to keep his address updated are additional reasons, under Fed. R. Civ. P. 41(b), to dismiss this case. Even so, as service of process was the first issue to arise here, the undersigned recommends dismissing the complaint under that rule and without prejudice.

4

*and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  November 15, 2022    s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

5

## **CERTIFICATE OF SERVICE**

 The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on November 15, 2022.

             s/Kristen MacKay
             Case Manager
             (810) 341-7850